IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph Foresta,<br><br>        Plaintiff,<br><br>v.<br><br>Airbnb, Inc.,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 2:23-CV-01379 |

**DEFENDANT AIRBNB, INC.'S REPLY IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS, AND
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Airbnb, Inc. ("Airbnb"), by and through undersigned counsel, hereby submits its Reply in support of its Motion to Compel Arbitration and to Stay Proceedings, and to Dismiss for Lack of Personal Jurisdiction (the "Motion").

**I.      Introduction**

Plaintiff fails to meaningfully respond to Airbnb's arguments that the Court lacks personal jurisdiction over Airbnb and that his claims are subject to mandatory arbitration. As to this Court's lack of personal jurisdiction over Airbnb, Plaintiff argues that (i) Airbnb waived its objection to personal jurisdiction when it removed this case, and (ii) his two years' use of the Airbnb Platform confers specific personal jurisdiction over Airbnb in Pennsylvania for this case. These arguments are directly contrary to established case law. The Third Circuit definitively has held that removal does *not* waive jurisdictional defenses. And Plaintiff ignores well-established law that (i) a plaintiff's forum state contacts with a globally accessible website do not, without more, confer jurisdiction over the website and (ii) the underlying claim in the case

must arise out of and relate to the defendant's alleged contacts with the forum state. None of Plaintiff's allegations suffice to meet these requirements.

As to mandatory arbitration, Plaintiff suggests (i) Airbnb's alleged failure to comply with its dispute resolution process precludes it from enforcing the arbitration provision, and (ii) the presentation of the arbitration agreement renders it unenforceable.[1] These arguments ignore the arbitration provision's delegation clause and are contrary to applicable case law.

Thus, the Court should dismiss Plaintiff's Complaint as to Airbnb for lack of personal jurisdiction or compel Plaintiff to binding arbitration and stay all proceedings in the interim.

## II. Argument

### A. This Court Lacks Personal Jurisdiction Over Airbnb

1. Airbnb Did Not Waive Its Objection to Personal Jurisdiction by Removing the Case.

Plaintiff argues—without support—that by removing this case to federal court, Airbnb waived its objections to personal jurisdiction. This is directly contrary to Third Circuit case law. In *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, the Third Circuit stated: "This rule is now hornbook law: A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." 948 F.3d 124, 132 (3d Cir. 2020) (internal citations and quotations omitted). Thus, Airbnb's objection to this Court exercising personal jurisdiction is timely and ripe.

---

[1] Plaintiff also makes the baseless argument in passing that because Airbnb did not respond the Requests for Production he issued in the state court case, it cannot enforce the arbitration agreement. Plaintiff, however, has not reissued discovery requests in this case (as is required), and the Federal Rules of Civil Procedure do not require responses to document requests until after a case management conference has been held (which has not occurred in this case). *See* Fed. R. Civ. P. 26(d)(2)(B).

2.     Plaintiff Cannot Sustain His Burden of Establishing Personal Jurisdiction.

Neither Plaintiff's Complaint nor his Response satisfy his burden of establishing personal jurisdiction over Airbnb.[2] *See Danziger*, 948 F.3d at 129 (explaining that plaintiff bears the burden to establish personal jurisdiction).  First, Plaintiff does not contest, and therefore concedes, that Airbnb is not subject to general personal jurisdiction in Pennsylvania.  Second, as to specific personal jurisdiction, Plaintiff does not contest and thus concedes that he must establish (i) that Airbnb purposefully directed its activities at Pennsylvania, (ii) that his claims arise out of and relate to any such contacts with Pennsylvania, and (iii) that exercising personal jurisdiction over Airbnb would comport with due process and fairness.  Yet, Plaintiff does none of the three.  Plaintiff's argument in favor of jurisdiction boils down to unpled allegations that as a Pennsylvania resident, he has used the Airbnb Platform from Pennsylvania.  This is insufficient to confer jurisdiction.  Plaintiff's argument likewise disregards the requirement that exercising personal jurisdiction must comport with due process, which is lacking where a website is simply accessed by an individual in the forum state.  For these reasons, the Court should dismiss Airbnb for lack of personal jurisdiction.

> a. Plaintiff's Contacts from Pennsylvania Do Not Amount to Airbnb Having Purposefully Availed Itself of Pennsylvania.

Plaintiff incorrectly contends that his contacts with Airbnb from Pennsylvania show that Airbnb "purposefully decided to have out of state activities with Pennsylvania residents." Pl's Response at 10.  Plaintiff's Response relies on the fact that Pennsylvania citizens have internet

---

[2] Plaintiff attempts through a footnote to seek leave to amend his Complaint to add the allegations he relies on in his Response.  Pl's Response at 6 n.1.  This court should dismiss Plaintiff's claims without leave to amend.  As explained below, even considering the facts he seeks to add, Airbnb is not subject to personal jurisdiction in Pennsylvania, and controlling law requires dismissal.

access, and that Plaintiff conducted business with Airbnb over the internet, accepted reservations on the Airbnb Platform, and received payments into his bank account from Airbnb. *Id.* at 6, 9. But a forum state resident's contacts with a globally accessible website, without more, do not suffice to confer jurisdiction over that website. Indeed, this Court refused to exercise personal jurisdiction over the operator of a globally accessible website even when the website had non-internet contacts with plaintiffs, because plaintiffs failed to allege that it targeted Pennsylvania. *Hadnagy v. Moss*, No. 22-3060, 2023 U.S. Dist. LEXIS 1595, at *13 (E.D. Pa. Jan. 5, 2023) ("Plaintiffs' interactions with Defendants do not, standing alone, constitute purposeful availment, despite the fact that they may have been long standing and mutually beneficial, as a 'plaintiff cannot be the only link between the defendant and the forum.'"); *see also, Kennedy v. Help at Home, LLC*, 731 F. App'x 105, 108 (3d Cir. 2018) ("[T]he state of a plaintiff's residence does not on its own create jurisdiction over [a] nonresident defendant[]."); *Conrad v. Benson*, No. 9:20-cv-1811-RMG, 2020 U.S. Dist. LEXIS 149427, at *10-12 (D.S.C. Aug. 13, 2020).

Plaintiff's lengthy discussion of a Fifth Circuit case from twenty years ago does not change the analysis. In *Central Freight*, the court found that formal negotiations conducted by a company by telephone and in writing with a specific counterparty in the forum state conferred jurisdiction. *See* Pl's Response at 9-10; *Central Freight Lines, Inc. v. APA Transportation Corp.*, 322 F.3d 374, 382 (5th Cir. 2003). But courts in this jurisdiction do not equate a plaintiff accessing a globally available internet platform with the type of targeted communication described in *Central Freight*. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123 (W.D. Pa. 1997) (analyzing the "development of the law concerning the permissible scope of personal jurisdiction based on Internet use"). Instead, courts that have exercised personal

jurisdiction over businesses based on internet contacts have done so where, for example, the business specifically identified and targeted potential customers from the forum state and used the website to actively direct those customers to its physical location, along with other conduct purposefully directed at the forum state. *See, e.g.*, *O'Keefe v. Rustic Ravines, LLC*, No. 22cv1178, 2023 U.S. Dist. LEXIS 50913, at *12 (W.D. Pa. Mar. 22, 2023). Plaintiff makes no allegations that Airbnb targeted Pennsylvania and fails to even address this case law. Because Plaintiff has not demonstrated that Airbnb has purposefully availed itself of Pennsylvania law by directing its activities there, Airbnb cannot be subject to personal jurisdiction in this forum.

> b. Plaintiff Likewise Fails to Demonstrate that His Claim Arises Out of or Relates to Airbnb's Contacts with Pennsylvania.

Plaintiff's Response also fails to address the requirement that his claim in this action arise out of any alleged contacts between Airbnb and Pennsylvania. Plaintiff again urges that his use of the Platform from Pennsylvania constitutes Airbnb's contact with Pennsylvania. *See* Pl's Response at 9. But even looking past the fact that Plaintiff's unilateral contact with Airbnb cannot establish purposeful availment, Plaintiff's argument ignores the fact that his claim does not arise from that alleged contact. Rather, it stems only from the conduct of one third party at one property that Airbnb does not own or control. The various interactions with Airbnb that Plaintiff describes cannot confer jurisdiction because these alleged contacts are not related to the reservation or alleged damage at issue here.

The Third Circuit explained as much in *Danziger*: a claim arises out of a contact with the forum when "the defendant's contacts with the forum [were] instrumental" to the claim. 948 F.3d at 130. A "plaintiff cannot allege simply that but for [the contact]'s occurrence, [the damage giving rise to the claim] (which may have been remote and not foreseeable) would not

have happened." *Id.*. Here, Plaintiff's claims do not arise out of his creation of an Airbnb account or agreement to the TOS, even if those interactions "occurred" in Pennsylvania. Though a user must complete this process to offer an accommodation on the Platform, when he does so, that user could plan to stay as a guest or offer accommodations as a host, and over the course of the user's relationship with Airbnb, may access the Platform at any time or not at all. This but-for causal relationship between the contacts and the claim is the type of relationship that the court in *Danziger* held was insufficient to meet the "arising out of" requirement.

The only alleged contacts with the forum arguably related to Plaintiff's claim are the creation of the reservation at issue here and the remittance of payment therefore. And even for these two limited contacts, Plaintiff offers no allegations that these alleged contacts with the forum are instrumental to the claim or made the claim foreseeable to Airbnb. Indeed, as Platform provider, Airbnb does not place guests in properties or decide for a host who will be a guest, and "has no control over and does not guarantee … the performance or conduct of any Member or third party." *See* Declaration of Darien Shepherd ("Shepherd Decl.") **Ex. F** § 1.3. The fact that someone made a reservation in no way makes it foreseeable to Airbnb that that person would damage Plaintiff's property. Plaintiff thus has not met his burden of establishing that his claims arise out of or relate to any Airbnb contact with this forum.

c. Exercising Personal Jurisdiction over Airbnb Would Defy Traditional Notions of Fair Play and Substantial Justice.

Finally, Plaintiff does not address the requirement that exercising jurisdiction must comport with traditional notions of fair play and substantial justice. As described in Airbnb's motion, courts acknowledge that exercising jurisdiction over a globally accessible website generally does not comport with traditional notions of fair play and substantial justice. *See, e.g.*,

*PrimePay, LLC v. Prime Tr., LLC*, 559 F. Supp. 3d 394, 400 (E.D. Pa. 2021) (holding that where contact with the forum was the ability to access defendant's passive website, no personal jurisdiction existed); *Conrad*, 2020 U.S. Dist. LEXIS 149427, at *10-12 (holding that where property reservation website was simply used by individuals in the forum, no personal jurisdiction existed). Plaintiff offers no argument to the contrary. Thus, the Court should dismiss Airbnb for lack of personal jurisdiction.

    **B.**  **Plaintiff's Claims are Subject to a Mandatory Arbitration Provision**

    Plaintiff's Response offers no basis for declining to enforce the mandatory arbitration provision that applies to his claim against Airbnb. Plaintiff's arguments about the dispute resolution process in the HG Terms (i) are inaccurate, (ii) ignore the applicable arbitration provision in the TOS, and (iii) ignore the provision that delegates questions of arbitrability to the arbitrator. And Plaintiff's complaints about the presentation of the arbitration provision are legally insufficient to find it unenforceable. Thus, Plaintiff's claim must be sent to arbitration.

      1.  The HG Terms' Dispute Resolution Provision Does Not Prevent Airbnb From Enforcing the Arbitration Provision in the TOS or the HG Terms.

    Plaintiff argues that Airbnb cannot compel Plaintiff to arbitrate his claims because the HG Terms provide a dispute resolution process, which he asserts Airbnb has not followed. Plaintiff's argument is unavailing for at least three independently sufficient reasons.

    First, Plaintiff misstates the applicability of the cited dispute resolution provision. Section X.1 states that the provision "shall apply if you (i) reside in the United States," and section X.2 states that the HG Terms "provide for a two-part process for individuals to [whom] Section X.1 applies." Shepherd Decl. **Ex. G** § X.1, X.2. Read in its entirety, the dispute

resolution process is *for individuals*.  It does not impose the obligation to engage in both parts of the process on Airbnb.  As such, Plaintiff's claims must be submitted to arbitration.

Second, Plaintiff is required to arbitrate his claims under the TOS, even if the arbitration provision of the HG Terms cannot be enforced.  Section 19.4 of the TOS mandates that Plaintiff submit "any dispute, claim or controversy arising out of or relating to [the TOS] … or to the use of the Airbnb Platform" to arbitration.  Shepherd Decl. **Ex. F** § 19.4.  As described in Airbnb's motion, and unrefuted in Plaintiff's Response, Plaintiff's claims are within the scope of this agreement, and thus must be submitted to arbitration, regardless of the HG Terms.

Third, the arbitration provisions in both the TOS and HG Terms include a clear delegation provision such that any question of arbitrability must be referred to the arbitrator.  *See id.* **Ex. G** § X.4, **Ex. F** § 19.4.  Plaintiff fails to address and thus concedes this point.

2. Airbnb's Arbitration Agreement is Enforceable Against Plaintiff.

Plaintiff also argues that Airbnb's arbitration provision is unenforceable because of its content and presentation, and because it purportedly violates state statutes.  An arbitration agreement is enforceable unless "it is both procedurally and substantively unconscionable."  *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) [3].  Because he cites no case law, the legal basis for Plaintiff's argument as to enforceability is unclear.  Nevertheless, the arbitration agreement in the TOS and HG Terms is enforceable because it is neither

---

[3] California contract law applies to the enforceability of the arbitration provision because the TOS contains a choice-of-law provision under section 21.1, and the HG Terms incorporates that provision by reference.  **Ex. F** § 21.1, **Ex. G** at 12.  *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998) ("In construing an arbitration agreement, courts must apply ordinary state-law principles that govern the formation of contracts."); *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 524 (3d Cir. 2009) (same).

procedurally nor substantively unconscionable. [4] Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression and surprise due to unequal bargaining power." *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347 (2015). Substantive unconscionability "is concerned with the fairness of the agreement's actual terms and assesses whether they are overly harsh or one sided." *Id.*

First, although Plaintiff complains about the length of the agreement, there is no question the arbitration clause passes the procedural conscionability threshold. Here, the first page of the TOS and the HG Terms provides in conspicuous, bold-face type that the agreement contains an arbitration clause, the arbitration clause itself is identified in bold-face type, and it clearly states that each party thereby waives its right to a trial by jury. *See id.* ¶¶ 19, 21, **Ex. F** at 1, § 19**, G** at 1, § X. Courts do not find such agreements to be procedurally unconscionable. *See, e.g.*, *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1079 (E.D. Cal. 2014) (no surprise where arbitration agreement was clearly labeled and in bold font). Furthermore, oppression could not be found because Plaintiff was free to review the agreement for as long as he desired, had the opportunity to retain an attorney or consult a third party if he did not understand, and there was no pressure exerted on him to accept the agreement. *See Grand Prospect*, 232 Cal. App. 4th at 1348 (explaining that indicators of oppression include the time permitted to review the agreement, lack of sophistication, pressure, and complexity of the agreement). Furthermore, Plaintiff could have listed his property on any other short-term rental website, and courts find no oppression "when the customer has meaningful choices," "even assuming unequal bargaining

---

[4] Airbnb has already established, and Plaintiff has not refuted, that Plaintiff agreed to the arbitration provisions of the TOS or HG Terms. *See* Shepherd Decl. ¶¶ 11-18, **Exs. A-E** (detailing Plaintiff's consent and providing supporting business records).

power and an adhesion contract." *Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 482 (Cal. App. 2006). Plaintiff has not demonstrated that the arbitration clause is procedurally unconscionable.

Second, Plaintiff also falls well short of establishing substantive unconscionability, which "requires a substantial degree of unfairness beyond a simple old-fashioned bad bargain." *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1160 (Cal. 2013). Plaintiff asserts that because a person may not know what the American Arbitration Association ("AAA") is, the agreement cannot be enforced. But the agreement itself explains the arbitration process and even provides a hyperlink to the AAA website and the AAA rules. *See* Shepherd Decl. **Ex. F** §§ 19.2-19.10. Plaintiff also asserts that submission to AAA is costly and the TOS and HG Terms do not disclose this. But the agreements clearly state that "the initial filing fee for the consumer is capped at $200," and the hyperlinked AAA Consumer Rules provide a schedule of fees. *See id.* **Ex. F** § 19.1, **Ex. G** § X.2; Consumer Fees Schedule, located at www.adr.org/rules. Plaintiff's arguments are factually incorrect and do not demonstrate substantive unconscionability. *See e.g.*, *McManus v. CIBC World Mkts. Corp.*, 109 Cal. App. 4th 76, 102 (2003) (finding $500 deposit with additional $1200 fee per hearing session to be substantively unconscionable but enforcing arbitration agreement after severing costs provision).

Plaintiff has not demonstrated that Airbnb's arbitration agreement is procedurally or substantively unconscionable, nor could he. As courts around the country have found, Airbnb's arbitration clause is enforceable.[5] This Court should do the same and compel arbitration.

## IV.   CONCLUSION

---

[5] *See, e.g.*, *Dunbar v. Airbnb, Inc.*, 2020 U.S. Dist. LEXIS 56828, at *8 (D. Haw. Apr. 1, 2020) (enforcing Airbnb's delegation clause); *Esposito v. Airbnb Action, LLC*, 2021 U.S. Dist. LEXIS 10934, at *5-7 (W.D. Ark. Jan. 19, 2021) (same); *Walter v. Airbnb, Inc.*, 2021 U.S. Dist. LEXIS 25924, at *1 (M.D. Fla. Feb. 11, 2021) (same); *Morris v. Airbnb, Inc.*, 2020 U.S. Dist. LEXIS 180532, at *7 n.2 (W.D. Okla. Sept. 30, 2020) (same)

For the foregoing reasons, Airbnb respectfully requests that this Court grant the Motion and Compel Plaintiff to arbitration and stay these proceedings in the interim, or in the alternative, dismiss Plaintiff's Complaint for lack of personal jurisdiction, and grant all other relief deemed fair and equitable.

Respectfully submitted this 7th day of June 2023.

/s/ *KELLY J. FOX*
Kelly Fox
GEROLAMO McNULTY DIVIS & LEWBART
121 S. Broad Street, Suite 1400
Philadelphia, Pennsylvania 19107
Telephone: (215) 790-8400
Email: kfox@gmdlfirm.com

*Attorneys for Respondent Airbnb, Inc.*